UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>W. J. SULLIVAN,<br><br>　　　　　Respondent. | 1:09-cv–00488-OWW-SKO-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL (DOC. 22)<br><br>ORDER GRANTING TO PETITIONER AN EXTENSION OF TIME TO FILE A TRAVERSE<br><br>DUE DATE FOR TRAVERSE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is Petitioner's motion requesting reconsideration of appointment of counsel, which was filed on September 17, 2010.

　　　I.　Appointment of Counsel

　　　On April 23, 2010, Petitioner's motion for the appointment of counsel was denied.  However, the order of denial was not

1

served on Petitioner until September 8, 2010. In the petition, Petitioner challenges as untimely a disciplinary finding made in prison that he committed a battery upon a peace officer. Respondent filed an answer to the petition on January 11, 2010.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).

A Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases. A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner states that he takes medication for mental health and considers himself unable to file his traverse. However, the petition concerns a single issue and involves a straightforward factual situation. In the present case, the Court does not find that the interests of justice require the appointment of counsel.

II.  Extension of Time

Petitioner was granted two extensions of time for filing a traverse; Petitioner has had approximately eight months within which to file a traverse. However, considering the delay in service of the order denying Petitioner's previous motion for the

2

appointment of counsel, the Court on its own motion GRANTS Petitioner an additional extension of time to file a traverse until no later than thirty (30) days after the date of service of this order.

No further extensions of time will be granted except upon a showing of good cause.

IT IS SO ORDERED.

**Dated:   September 30, 2010**              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE