```
1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT
8              EASTERN DISTRICT OF CALIFORNIA
9
10
```

| | | |
|---|---|---|
| RAY MEDINA, | ) | 1:09-cv–00488-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY THE PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (DOC. 1) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| W. J. SULLIVAN, | ) | DISMISS AS MOOT PETITIONER'S |
| | ) | MOTION FOR RULING (DOC. 27), |
| Respondent. | ) | TO ENTER JUDGMENT FOR RESPONDENT, |
| | ) | AND TO DECLINE TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on March 16, 2009. Respondent filed an answer, which was titled as an answer to an order to show cause, on January 11, 2010. Petitioner filed a traverse on October 20, 2010.

I. Jurisdiction

Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Petitioner alleged that at the time the petition was filed, he was an inmate of the California Correctional Institution (CCI) at Techachapi, California, serving a state court sentence. Petitioner alleged that he suffered violations of his right to due process of law resulting from a delayed prison disciplinary hearing. Petitioner was found guilty of having committed a battery on a peace officer and was assessed a work time credit loss of 150 days. (Pet. 9.) Thus, violations of the Constitution are alleged.

A due process claim concerning good time or other rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2241(c)(3). See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning disciplinary procedures and findings); Wilkinson v. Dotson, 544 U.S. 74, 88 (2005) (Kennedy, J., dissenting). If a

2

constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Additionally, the decision challenged was made at Tehachapi, California, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 84, 2254(a), 2241(a), (d).

Respondent Warden James Walker answered the petition.  (Doc. 14.)  Petitioner thus named as a respondent a person who had custody of the Petitioner within the meaning of 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  See, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Accordingly, the Court concludes that it has subject matter jurisdiction over the proceeding and personal jurisdiction over the Respondent.

II.  Facts

Petitioner is serving a sentence of twenty-two (22) years pursuant to convictions of robbery, auto theft, and "hit and run" sustained in Los Angeles County in 2005.  (Pet., Ex. A, doc. 1, 29.)

With respect to the disciplinary proceeding in question, the last reasoned opinion of the state courts was the unpublished opinion of the Court of Appeal of the State of California, Fifth Appellate District (DCA), issued in a habeas proceeding filed by Petitioner.  The opinion states the following:

> On August 16, 2005, a correctional officer issued a rules violation report (RVR; also referred to as a CDC Form 115) charging Medina, a prison inmate, with

3

battery on a peace officer. A copy of the RVR was given to Medina on August 25, 2005. Following a disciplinary hearing held on September 24, 2005, the hearing officer found Medina guilty and assessed a forfeiture of 150 days work time credits.

Medina filed an administrative appeal challenging the disciplinary decision, contending, among other things, that he was denied the presence of a requested witness and the hearing was not timely. In a second level appeal response, the Department granted the appeal in part and issued a modification order. The response, signed by the chief deputy warden, stated that all disciplinary time constraints were met pursuant to Title 15 of the California Code of Regulations, as Medina was issued the first copy of the RVR within 15 days from the date staff discovered the information leading to the charges, he was issued all non-confidential documentation relied on at the hearing at least 24 hours before the hearing, and the hearing was conducted within 30 days of the date he received his first copy of the RVR. The response also stated, however, that there had been a due process error when the hearing officer denied Medina a witness he requested, and in the interest of justice "this RVR will be reissued and reheard," and a modification order generated to ensure Medina would be afforded the right to witnesses at the hearing. The response further stated: "This section of the appeal is GRANTED, due to the fact the disposition is being vacated and the RVR will be reissued and reheard. Additionally, [Medina] will be provided another opportunity to present his defense at the hearing. Time constraints were not met for this RVR, therefore credit forfeiture may not be assessed if found guilty at the rehearing." (Emphasis in original.)

On January 11, 2006, a modification order was issued which stated that as a result of a "Level II Decision," Medina's appeal had been granted in part and the RVR should be reissued and reheard due to denial of a witness. The RVR was reissued on January 23, 2006, and a copy was given to Medina on January 25, 2006. A disciplinary hearing on the reissued RVR was held on February 24, 2006, at which Medina was allowed his requested witnesses. After considering the evidence, the senior hearing officer (SHO) found Medina guilty and assessed a forfeiture of 150 days work time credits. In discussing the modification order, the SHO noted the second level appeal response indicated the time frames in the original hearing were violated, thereby precluding the assessment of a credit forfeiture in this hearing, but he had reviewed the original hearing and "the alleged violation of time frames is unfounded," as the date of discovery was August 16, 2005, the first

4

RVR was issued on August 25, 2005, and the hearing was held on September 24, 2005. The SHO concluded that the times frames were met and credit forfeiture was appropriate.

Medina filed a petition for writ of habeas corpus in the superior court challenging the assessed credit loss on the grounds the first disciplinary hearing was untimely and the guilt finding was not supported by the evidence. The superior court issued an order to show cause and appointed counsel for Medina. While the court rejected Medina's sufficiency of the evidence claim, it found a prima facie case for relief was stated based on the discrepancy between the statement in the second level appeal response prohibiting forfeiture of credits on rehearing and the SHO's re-assessment of credits following the second disciplinary hearing. The court therefore granted the petition in part and issued an order to show cause "limited to the issue of whether or not the hearing officer possesses the power to forfeit his credits in conjunction with the re-hearing more than 30 days after the misconduct." Specifically, the court ordered the Department to show cause why Medina may be deprived of work credits "for the reasons articulated by [the SHO] in his February 24th, 2006, hearing report or why the credits shall not be restored as ordered in the January 3, Response ..."

The Department filed a return, arguing the first disciplinary hearing was timely and the SHO at the second disciplinary hearing could properly conclude he was authorized to consider and reject Medina's time constraints claim. In response, Medina pointed out that the first disciplinary hearing "was flawed by a due process violation," and argued nothing in the California Code of Regulations provides that "a defective, nullified hearing somehow acts to toll the mandatory time-frames" contained in California Code of Regulations, title 15, section 3320, subdivision (b), which states that charges shall be heard within 30 days from the date the inmate is provided a copy of the CDC Form 115.

The trial court issued an order granting the petition. The court noted the issue could be decided without a hearing because it involved interpretation of regulations. The court found the first disciplinary hearing was conducted within the time guidelines set forth in section 3320, subdivision (b), but the January 25, 2006, service of the reissued RVR was untimely because it was not served within 15 days of the August 16, 2005 misconduct. The court concluded the failure to serve the reissued RVR within that time period deprived the Department of the ability to forfeit Medina's credits and ordered the Department to restore them.

5

> The Department filed a request for reconsideration of the order, asserting reconsideration was appropriate because it did not know from Medina's petition that it should address the timeliness of the second disciplinary hearing. The Department pointed out, for the first time, that under section 3084.5, subdivision (h)(3), when a disciplinary hearing is ordered reissued and reheard, the time constraints begin on the date the new CDC Form 115 is written, and since here the CDC Form 115 was reissued on January 23, 2006, and provided to Medina less than 15 days later, on January 25, 2006, it was timely. Medina filed an opposition to the request for reconsideration. The superior court denied the Department's request for reconsideration, noting that while section 3084.5, subdivision (h)(3) "does apply to commence new time periods again after an appeal results in the vacation of a disciplinary hearing," this was not new law and therefore did not warrant reconsideration.

In re Medina, No. F054322, 2008 WL 4968020, *1-*2 (Nov. 24, 2008) (footnotes omitted).[1]

In its unpublished opinion of November 24, 2008, the DCA determined that with respect to both rounds of disciplinary proceedings, the prison administrators complied with California statutes and regulations requiring prison administrators to provide the inmate with a copy of the CDC Form 115 within fifteen days after the discovery of information leading to the charges, and to hold a disciplinary hearing within thirty days after the inmate's receipt of the CDC Form 115. Id. at *3-*4. In reaching its decision, the DCA relied on and interpreted Cal. Code Regs., tit. 15, §§ 3084.5 and 3320, which provided that the time limits on disciplinary hearings would begin to run anew if a RVR were re-issued. On December 24, 2008, the DCA opinion was modified on

---

[1] The factual summary is taken from the unpublished opinion in In re Medina, No. F054322, 2008 WL 4968020, *1-2 (Nov. 24, 2008). See, Galvan v. Alaska Dep't. of Corrections, 397 F.3d 1198, 1199 n.1 (9th Cir. 2005). The opinion is also found in the Answer, ex. 4, doc. 14-1, 43-50, with the quoted portion appearing at pp. 44-47.

6

denial of rehearing to reflect that although Petitioner insisted that the first disciplinary hearing was untimely because it was held on September 25, 2005, the Department of Corrections and Rehabilitation (CDCR) had found that the hearing was timely because it was held on September 24, 2005. In re Medina on Habeas Corpus, No. F054322, 2008 WL 5382414, *1 (Dec. 24, 2008). The hearing officer who presided at the rehearing agreed with the finding, and the trial court agreed with the finding as to the date of the first disciplinary hearing. Id.

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on January 21, 2009, alleging that the credit forfeiture violated Petitioner's right to due process of law under the Fourteenth Amendment. (Ans., Ex. 9, doc. 14-5, 16-61.) The petition was denied without a statement of reasons or citation of authority on February 18, 2009. (Id., Ex. 10, doc. 14-5, 63.)

III. Legal Standards

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as

7

opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state-court decision. Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 63, 71-72.

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion contrary to that of the Supreme Court or concludes differently on an indistinguishable set of facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." Early v. Packer, 537 U.S. 3, 8 (2002). A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 408-09.

An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410. A state court's determination that a claim lacks merit precludes federal habeas relief as long as fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 131 S.Ct. 770, 786-87

8


(2011). To obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

The specificity of the rule being applied must be considered; the more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. Id. at 786. It is not an unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Id.

    The petitioner bears the burden of establishing that the decision of the state court was contrary to, or involved an unreasonable application of, the precedents of the United States Supreme Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004).

    Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Thus, where the California Supreme Court denies a habeas petition or petition for review without citation or comment, a district court will "look through" the unexplained decision of that state court to the last reasoned decision of a lower court as the relevant state-court determination. Ylst v. Nunnemaker, 501 U.S. at 803-04; Taylor v. Maddox, 366 F.3d 992, 998 n. 5 (9th Cir. 2004).

///

If a state court's decision omits the reason for a decision, the Court must view the state court's decision to determine if it was objectively unreasonable; the Court should independently review the record and then consider if the state court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court law. See, Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

IV.  Due Process Violation

Here, the California Supreme Court's denial was unexplained. However, it does not appear that a due process claim was presented to the DCA, which ruled only on the application and interpretation of state statutes and regulations.

It must be determined whether the unexplained decision of the California Supreme Court was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

Due process of law in a prison disciplinary setting is satisfied when the hearing is conducted by a neutral fact finder and the inmate is provided with: 1) advance written notice of the claimed violation, 2) a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and 3) a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at

10

568-70.

The notice must be 1) written; and 2) given at least twenty-four hours before, and sufficiently in advance of, the hearing to achieve the goals of giving notice, which are to inform the inmate of the charges to permit the inmate to clarify the charges, marshal the facts in his defense, and prepare to offer a defense at the hearing.  Wolff v. McDonnell, 418 U.S. at 564-65.

Neither party has alerted the Court to any authority from the Supreme Court that would require any additional, specific time period of notice, and the Court is aware of no such authority.

Here, Petitioner received notice more than twenty-four hours before the hearing.  Petitioner does not allege any specific facts that tend to show the notice was inadequate to inform Petitioner of the charges or to permit him to marshal the facts and prepare a defense.  The charge involved a single incident in which Petitioner himself participated; neither the law nor the facts appear to have been complex or uncertain.  Petitioner was able to make statements and present evidence.  Petitioner only alleges generally that too much time has passed to present an adequate defense.  (Trav. 5.)  This generalized assertion does not establish or even suggest that in the circumstances of the present case, Petitioner suffered any prejudice in ascertaining or understanding the charges, marshaling the facts, or preparing to present a defense at the hearing.

Generally, a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process.  See, Bostic v.Carlson, 884 F.2d 1267, 1270 (9th Cir.

11

1989). In the absence of controlling authority, several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding.") (citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D.Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)).

In summary, there is no clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1) that would require that prison officials either comply with California's regulation concerning the time limits of holding a prison disciplinary hearing, or give any other specific time period of notice beyond the twenty-four hour minimum set in Wolff. Because of this, even if the disciplinary hearing were to have been held a day beyond the state law limit of thirty days, the California Supreme Court's opinion denying Petitioner's due process claim could not have been contrary to, or an unreasonable application of, clearly established federal law.

Further, Petitioner has not established that he suffered any prejudice from the allegedly inadequate notice. Accordingly, Petitioner has not set forth a due process violation warranting relief pursuant to 28 U.S.C. § 2254.

Next, it must be determined whether the unexplained decision of the California Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Title 28 U.S.C. § 2254(e) provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

To the extent that the state court determined that the disciplinary hearings were held within thirty-day time limit and were permitted by state regulations authorizing rehearings and setting forth rehearing procedures, the conclusion was supported by all the documentary evidence concerning the hearing. Petitioner has not set forth clear and convincing evidence to support his general, conclusory assertion that the disciplinary hearings were untimely.

Petitioner relies on the fact that a correctional officer who was a witness at the first hearing had to be contacted by telephone. Even if true, this does not necessarily establish, or even reliably tend to show, that the hearing occurred on a Sunday or after the expiration of the thirty-day time limit set by California regulation.

///

The Court, therefore, concludes that in light of the evidence presented in the state court proceeding, Petitioner has not shown that the state court decision was based on an unreasonable determination of the facts within the meaning of § 2254(d)(2).

In sum, Petitioner has not shown he is entitled to relief pursuant to 28 U.S.C. § 2254. The petition should, therefore, be denied. In light of this conclusion, Petitioner's motion for a ruling on the petition, filed on March 4, 2011, should be dismissed as moot.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DENIED; and

2) Petitioner's motion for a ruling be DISMISSED as moot; and

3) Judgment be ENTERED in favor of Respondent; and

4) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the

15

United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 23, 2011**                           /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE